UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BARRY UNDERWOOD,

Plaintiff,

v.

DONNY YOUNGBLOOD,

Defendant.

No. 1:26-cv-07741-SAB (PC)

SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

(ECF No. 1)

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed September 18, 2026.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915A.

Plaintiff alleges that, "[t]here is black mold coming out of the shower all the way out into the day room & has been giving me headaches plus making it hard for me to breath[e][.] Donny Youngblood is involved because he is the main sheriff & has control over the jail & it's been this way since May 15, 2026 tell [present] plus previous arrest." (ECF No. 1, p. 3.) For relief, Plaintiff prays, "I would like the Court to make him[, Donny Youngblood,] pay me money for putting me around it[, black mold,] knowing all the health risk from it." (Id.)

## III.

## DISCUSSION

### A. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment requires

prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmate receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates." Id. (internal quotations and citations omitted). However, "[n]ot every injury that a prisoner sustains while in prison represents a constitutional violation." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

A prisoner claiming an Eighth Amendment violation must make a two-part showing. First, the inmate must objectively show that he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834. A deprivation is sufficiently serious when a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id., quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). When the Eighth Amendment claim is based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Farmer, 511 U.S. at 834.

Second, the inmate must show that the prison official had a sufficiently culpable state of mind. Id. In prison-conditions cases, the prison official must have acted with deliberate indifference to inmate health or safety. Id. Deliberate indifference is a higher standard than negligence. Id. at 835; see also Whitley v. Albers, 475 U.S. 312, 319 (1986) (Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety"). To be deliberately indifferent, the official must know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Although prisoners are entitled to "an adequate level of personal safety," "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985). For example, federal courts have rejected constitutional claims brought by inmates injured from "slip and fall" accidents caused by hazardous conditions. See, e.g., Wallace v. Sherman, 1:20-cv-00213-EPG (PC), 2020 WL 4193968, at *2-*5 (E.D. Cal. July 21, 2020) (dismissing complaint that alleged a leaky roof that

prison staff knew of, which caused plaintiff to slip and fall resulting in a head injury, was not an Eighth Amendment violation) (E.D. Cal. Sept. 2, 2020); Wallace v. Haythorne, No. CIV S 06-1697 MCE GGH P, 2007 W L 3010755, at *4 (E.D. Cal. Oct. 15, 2007) (holes caused by missing tiles resulting in plaintiff tripping and falling did not constitute excessive risk).

A prisoner asserting an Eighth Amendment claim based on a safety hazard must show not only a hazardous condition posing a threat to his safety, but also some additional condition exacerbating that threat, which standard is sometimes referred to as "danger-plus." Morgan, 465 F.3d at 1047 (hazard exacerbated when prison official compelled inmate to continue working with dangerously defective equipment); see also Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when inmate on crutches repeatedly fell in shower without disability accommodations); Hoptowit, 753 F.2d at 784 (serious safety hazards in prison's occupational areas were exacerbated by inadequate lighting); but see Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (no exacerbating conditions when inmate was able to see and avoid defective oven door which fell off and burned his arm).

In a Section 1983 action, a supervisory official cannot be held liable under a theory of *respondeat superior* or vicarious liability. See, e.g., Iqbal, 556 U.S. at 676. A supervisor's mere knowledge of the unconstitutional conduct of a subordinate does not amount to the supervisor's own violation of the Constitution. Id. at 677 (rejecting this theory of supervisory liability). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

Under Section 1983, a supervisor may be liable if a plaintiff demonstrates either (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Edgerly v. City & County of San Francisco, 599 F.3d 946, 961 (9th Cir. 2010). The requisite causal connection may be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others that the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. Starr v. Baca, 652 F.3d 1202, 1207-

08 (9th Cir. 2011). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (citation omitted).

Here, Plaintiff contends that black mold is coming out of the showers and that Defendant Youngblood is involved because he is the main sheriff. The Court finds that these allegations are insufficient to support a cognizable claim for deliberate indifference to his safety. Specifically, Plaintiff has not alleged facts that support, or tend to support, that Youngblood acted with deliberate indifference. Plaintiff has not alleged facts that Youngblood actually knew of the issue and disregarded an excessive risk to inmate health or safety. To that, the Court notes that Plaintiff states in his complaint that he did not file a grievance "because other inmates have but nothing has been done about the issue." (ECF No. 1, p. 2.) The Court finds Plaintiff's allegation that others have filed grievances to be conclusory; Plaintiff therefore has not demonstrated or alleged that Youngblood actually knew of the issue. Moreover, the Court finds that Plaintiff has not alleged any exacerbating conditions as defined by the caselaw discussed above.

In addition, negligence does not give rise to a constitutional claim for relief. Farmer, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.") Plaintiff has failed to allege a constitutional violation and therefore has failed to state a claim against Donny Youngblood. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); Starr, 652 F.3d at 1207 (discussing that a plaintiff must plausibly allege personal involvement or a causal connection between a defendant's action and a constitutional violation to state a § 1983 claim). Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to his safety.

/ / /

/ / /

## IV.

## CONCLUSION AND ORDER

For the reasons discussed herein, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'").

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

/ / /

/ / /

/ / /

/ / /

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **October 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge